


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHAWN LAWRENCE, DACOSTA FOSTER and DURELL LAWRENCE, an infant under the age of eighteen years, by his mother and natural guardian Larcenia Lawrence,<br><br>-Plaintiffs<br><br>-against-<br><br>THE CITY OF NEW YORK, SYED ALI, ROBERT BUTAMANTE, JASON CIRA, NICHOLAS FERRARO, ANTONIO PAGAN and JOHN and JANE DOES 1 through 15,<br><br>-Defendants | INFANT'S COMPROMISE ORDER<br><br>ECF CASE<br><br>08 CIV 8418 (RJS) |

LARCENIA LAWRENCE, having moved for an Order Authorizing and empowering her to compromise this action on behalf of her infant son DURELL LAWRENCE.

Upon the reading and filing or the annexed affidavit of Larcenia Lawrence, the mother and natural guardian of the infant Durell Lawrence, and the affidavit of Darius Wadia, her attorney, and

It appearing that the infant Durrell Lawrence was born on January 30, 1992 and it further appearing that the best interests of the infant will be served by the settlement and compromise, and due deliberation having been had herein, and upon all past papers and proceedings herein;

NOW on the motion of Darius Wadia, attorney for the plaintiff, it is

ORDERED that Larcenia Lawrence, the mother and natural guardian of the infant Durell Lawrence, be and is hereby permitted to enter into a compromise and settlement of the infant's claims for relief for the sum of $26,000 to be paid by defendant City of New York; and it is further

ORDERED that out of said sum, attorney for plaintiff, Darius Wadia, LLC, is to receive the sums of $8,610.42 and $168.75 for, respectively, the attorney's compensation and reimbursement expenditures in connection with the settlement of plaintiff's claims; and it is further

ORDERED that the balance be paid to Larcenia Lawrence, the mother and natural guardian of the infant Durell Lawrence. The sums shall be deposited in an interest bearing account in the name of Larcenia Lawrence, the mother and natural guardian of the infant Durell Lawrence, to the credit of said infant, and to be held for the sole use and benefit of the infant in an account paying the highest rate of interest available, until the infant reaches the age of eighteen years; and it is further

ORDERED that said depository is authorized and directed to maintain at least one hundred per cent of said fund in a form of deposit in said depository yielding the highest dividend, providing that said fund shall be in such a form that it will be all available to said infant when he attains the age of eighteen years; and it is further

ORDERED that no withdrawals from the account shall be made except upon the prior Order of this Court; and it is further

ORDERED that when the infant shall have attained the age of eighteen years, upon demand thereof, together with the presentation of the proper proof of said age, depository is directed to pay over to said infant all monies then on deposit in said account, together with any interest accrued thereon; and it is further

ORDERED that upon full compliance with all of the terms of this Order, Larcenia Lawrence, the mother and natural guardian of the infant Durell Lawrence, is authorized, empowered and permitted to execute and deliver a general release and any other papers necessary to effectuate the settlement herein; and it is further

ORDERED that the filing of a bond herein be dispensed with

RICHARD J. SULLIVAN
United States District Judge
8/7/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHAWN LAWRENCE, DACOSTA FOSTER and DURELL LAWRENCE, an infant under the age of eighteen years, by his mother and natural guardian Larcenia Lawrence,<br><br>-Plaintiffs<br><br>-against-<br><br>THE CITY OF NEW YORK, SYED ALI, ROBERT BUTAMANTE, JASON CIRA, NICHOLAS FERRARO, ANTONIO PAGAN and JOHN and JANE DOES 1 through 15,<br><br>-Defendants | AFFIDAVIT IN SUPPORT OF INFANT'S COMPROMISE ORDER<br><br>ECF CASE<br><br>08 CIV 8418 (RJS) |

County of Suffolk )
)ss.
State of New York )

LARCENIA LAWRENCE, being duly sworn, deposes and says that:

1. I am the mother and natural guardian of the infant DURELL LAWRENCE ("Durell").

2. Durell was born on January 30, 1992. He is now seventeen years old.

3. Durell lives with me at 430 2nd Street, Greenport, New York 11944

4. Durell was injured on August 7, 2007, when officers of the New York City Police Department arrested, detained and shocked him with a Taser gun.

5. After the incident, I retained the serviced of Darius Wadia, LLC to prosecute

an action for civil rights violations.

6. Mr. Wadia was also retained to prosecute the related claims of two other of my sons, Lashawn Lawrence ("Lashawn") and Dacosta Foster ("Dacosta"), who were also arrested, detained and injured in the incident.

7. Insofar as there are three plaintiffs, I have agreed that the pro-rata share of the expenses incurred by Mr. Wadia in connection with Durell's case is $168.75, one third of Mr. Wadia's total expenses of $506.55.

8. On May 11, 2009, following a settlement conference on May 7, 2009, Magistrate Judge Ronald L. Ellis recommended to the parties that the matter be settled for a $77,000.00. Judge Ellis did not recommend how that amount was to be divided among the plaintiffs.

9. On May 15, 2009, my sons and I agreed to settle the case for the amount recommended by Judge Ellis. The defendant City of New York also agreed to the settlement on that date.

10. After consulting with my sons, a decision was made to divide the "global" settlement amount into roughly three equal parts, more specifically, $26,000 for each Durell and Lawshan, and $25,000 for Dacosta.

11. I have decided and agreed that it is in Durell's best interest to accept the this settlement from the defendant City of New York. I want to have my son Durell put this incident behind him and I believe the settlement to him is in an amount adequate to redress

his injuries.

12. I approve the terms of the distribution of the $26,000 settlement, which I understand and have agreed to be as follows: $17,220.00 to infant plaintiff Durrel Lawrence, $8,610.42 to the firm of Darius Wadia, LLC and $168.75 in expenses.

13. I do not know of any outstanding liens herein.

14. By reason of all the above, I ask that this Court allow me to accept the offers of settlement made herein and permit me to settle and compromise the infant's claim for relief as has been set forth above.

15. No previous application for the same or similar relief has been made to any Court or Judge, and there is no other action pending relative to the same incident.

WHEREFORE, it is respectfully requested that the annexed Order be granted.

Larcenia Lawrence

Sworn to before me this 27th day of July, 2009

Notary Public

CYNTHIA M. CUSATI
Notary Public, State of New York
Commission Expires Oct 20 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHAWN LAWRENCE, DACOSTA FOSTER and DURELL LAWRENCE, an infant under the age of eighteen years, by his mother and natural guardian Larcenia Lawrence,<br><br>-Plaintiffs<br><br>-against-<br><br>THE CITY OF NEW YORK, SYED ALI, ROBERT BUTAMANTE, JASON CIRA, NICHOLAS FERRARO, ANTONIO PAGAN and JOHN and JANE DOES 1 through 15,<br><br>-Defendants | AFFIDAVIT IN SUPPORT OF INFANT'S COMPROMISE ORDER<br><br>ECF CASE<br><br>08 CIV 8418 (RJS) |

County of New York )
)ss.
State of New York )

DARIUS WADIA, being duly sworn, deposes and says that:

1. I am the attorney for the infant DURELL LAWRENCE ("Durell"), as well as for all the plaintiffs, and as such am fully familiar with the facts and circumstances set forth herein.

2. Durell was born on January 30, 1992. He is now seventeen years old.

3. Durell lives with his mother, Larcenia Lawrence ("Ms. Lawrence"), at 430 2nd Street, Greenport, New York 11944.

4. Durell was injured on August 7, 2007, when officers of the New York City

Police Department arrested, detained and shocked him with a Taser gun.

5. After the incident, I was retained by Ms. Lawrence to represent Durell in connection with his claims arising out that August 7, 2007 incident.

6. I was also retained to prosecute the related claims of two of Ms. Lawrence's other sons, Lashawn Lawrence ("Lashawn") and Dacosta Foster ("Dacosta"), who were also arrested, detained and injured in the incident.

7. The pro-rata share of the expenses incurred in connection with Durell's case is $168.75, one third of my total expenses of $506.55.

8. On May 11, 2009, following a settlement conference on May 7, 2009, Magistrate Judge Ronald L. Ellis recommended to the parties that the matter be settled for a $77,000.00. Judge Ellis did not recommend how that amount was to be divided among the plaintiffs.

9. On May 15, 2009, Ms. Lawrence and her sons agreed to settle the case for the amount recommended by Judge Ellis. The defendant City of New York also agreed to the settlement on that date.

10. A decision was made by my clients to divide the "global" settlement amount into roughly three equal parts, more specifically, $26,000 for each Durell and Lawshan, and $25,000 for Dacosta.

11. I believe that the offer of settlement is reasonable under the circumstances and that this action should be settled and compromised. I believe the settlement amount in this

case is fair based on what I have settled, or my research indicates others have settled, for similar injuries, and considering the ever present possibility that a jury would make a lesser or no award after trial.

12. By her affidavit, Ms. Lawrence has given her consent to the settlement of this case for her minor child.

13. I am not aware of any outstanding liens herein, and my clients have sworn that there are none.

14. No previous application for the same or similar relief has been made to any Court or Judge, and there is no other action pending relative to the same incident.

WHEREFORE, it is respectfully requested that the annexed Order be granted.

Darius Wadia

Sworn to before me this 3rd
day of August, 2009

Notary Public

JAIME WOLF
Notary Public State of New York
No. 31 [illegible]
Qualified in New York County
Commission Expires ~~August 11, 19~~ 12-1-09